JOHN L. HINTON v. PENN MUTUAL LIFE INSURANCE CO.

(Decided February 20, 1900.)

*Life Insurance Policy—Extra Territorial Jurisdiction of Foreign Court—Invalid Process, Ineffectual Service, Void Judgment, No Estoppel.*

1. The States of the Union being coequals in authority and power, no State, through its courts, can extend its coercive power, nor provide for personal service of process, nor affect by judicial determination property outside of its own territory; any such attempt to extend its jurisdiction beyond its own limits over persons or property, in another State, is without authority, and void.

2. Personal service of process upon residents of one State, who put themselves within the jurisdiction of the foreign State, is valid; but process can not run from the tribunals of one State into another and summon parties, there domiciled, to leave its territory and respond to proceedings against them.

3. Service by publication is permissible, where the property of the non-resident is situated within its jurisdiction; and also to fix the status of a non-resident as to relations with a resident, as in divorce proceedings; but where the suit is merely *in personam* to determine the personal rights and obligations of the defendants, constructive service upon a non-resident is ineffectual for any purpose.

4. A judgment rendered against a non-resident defendant, upon ineffectual service of process, is void; and a recital therein that service had been duly made, and an adjudication that the defendant should be forever barred of any claims in respect to the subject matter of this suit, work no estoppel.

CIVIL ACTION upon a policy of life insurance issued by defendant upon the life of W. M. Mitchell, and by him assigned to plaintiff. Upon the death of Mitchell, this suit was brought, and tried before *Timberlake, J.,* at July Special Term, 1898, of the Superior Court of PASQUOTANK County.

The defense was that recovery had already been had against the defendant upon this policy in a suit instituted by B. L. Brothers, administrator of W. M. Mitchell, in the Court of Law and Chancery of the city of Norfolk, Va., and that the transcript of record of the suit showed that John L. Hinton had been duly made a party, and that it was adjudged that he should be forever barred of any claims in respect to the subject matter of that suit; and this judgment is set up in the answer as an estoppel to the prosecution of this suit.

The last two issues were as follows:

6. Did B. L. Brothers, administrator of William M. Mitchell, recover judgment against defendant for the amount of said policy in Virginia?

7. Is plaintiff estopped by said judgment?

On last two issues, Court instructed the jury, that if they believed all the evidence to answer, "Yes." Plaintiff excepted.

The jury responded in the affirmative to these two issues, and the Court rendered judgment in favor of defendant. Plaintiff appealed.

The material evidence is stated in the opinion.

*Messrs. Shepherd & Shepherd,* and *Pruden & Pruden,* for plaintiff, (appellant).

*Mr. E. F. Aydlett,* for appellee.

MONTGOMERY, J.   This action was brought by the plaintiff to recover of the defendant company the amount mentioned in a policy of insurance issued by the company upon the life of W. M. Mitchell, and payable to his executors, administrators and assigns, and which policy had been assigned by Mitchell to the plaintiff. The defendant in its

answer pleaded an estoppel of record in the nature of a judgment which was rendered in the Court of Law and Chancery of the city of Norfolk, State of Virginia. In that suit the administrator of Mitchell brought an action against defendant company for the recovery of the amount mentioned in the policy, and an affidavit was filed therein by one of the officers of the company in which it was stated that the defendant "claimed no interest in the subject matter of the said suit, but that a third party, John L. Hinton, (the plaintiff in the present action), a citizen and resident of North Carolina, had a claim to the amount mentioned in the policy, his claim thereto being that he holds an assignment for value of said policy made to him by the said William M. Mitchell in his lifetime, which alleged assignment has come to the notice of the defendant company;" that the original policy of insurance was in the possession of Hinton, and that he had brought an action against the defendant company in one of the Superior Courts of North Carolina, to recover the amount of the insurance, and that that action was then pending; and that there was no collusion between the company and Hinton, and that the company was ready to pay or dispose of "the subject matter" of this action as the Court might direct; and there was a prayer that Hinton might be required "to appear and state the nature of his claim, and maintain or relinquish it." The prayer was granted by the Court, and an order made requiring Hinton "to appear on a day named therein, that he might state the nature of his claim, and maintain or relinquish the same." Upon a duly certified copy of the Court's order, a return was made as follows: "I, John H. Duncan, do hereby solemnly swear, on the 18th day of February, 1897, I delivered a true copy of the written order to John L. Hinton, at his residence in the county of Pasquo-

HINTON *v.* INSURANCE CO.

tank, State of North Carolina; and that the John L. Hinton to whom I delivered said copy is not a resident of the State of Virginia, and is the same John L. Hinton who is mentioned in this order.    I am not a party to, or otherwise interested in, the subject matter in controversy.—J. H. Duncan."

The record shows, as well as the case on appeal, that Hinton did not appear under the notice issued by the court in Norfolk, and judgment was recovered by the plaintiff, administrator of Mitchell, against the defendant company for the amount mentioned in the policy, and it was also decreed that Hinton should "be forever barred of any claims in respect to the subject matter of this suit against the defendant company."

On the trial of the present action in the Superior Court of Pasquotank County several issues were submitted to the jury, but only the sixth and seventh are material to be considered on this appeal.    The sixth issue was, "Did B. L. Brothers, administrator of William M. Mitchell, recover judgment against defendant for the amount of said policy in Virginia?" and the seventh issue was, "Is plaintiff estopped by said judgment?"    The Court instructed the jury that if they believed all the evidence they should answer the sixth and seventh issues, "Yes."

The evidence material to be considered in its bearing on the sixth and seventh issues consisted of the record of the Virginia Court, the parol testimony of Hinton to the effect that no process was ever served on him in Virginia; that he was never in that State while the suit was pending; that he did not know when the suit was brought, and that the only process of any kind ever served on him was the notice issued by the Law and Chancery Court of Norfolk.    A witness for the company, C. E. Johnson, testified that he saw Hinton, the

plaintiff, in Norfolk several times while the suit was pending in that city, in the law office of some of the attorneys in the case, talking to them about the case, and trying to get a settlement of it. That witness further said that he would not say Hinton was present at the trial, or in Norfolk when the case was being tried, as he did not know, but that Hinton knew of the pending of the action, and all about it.

We are of the opinion that the instruction of his Honor was erroneous. All of the evidence showed that the plaintiff, Hinton, did not appear in the action in the court at Norfolk. So there is but one point in the case, and that is as to the effect upon Hinton of the judgment in the Court of Law and Chancery of Norfolk, Va., which recited that John L. Hinton, the defendant in that action (the plaintiff in this) had been duly served with the order making him a party to the suit there. That was the only point argued here, and the contention of the defendant was that the judgment from the Virginia Court, because it recited that service of the notice had been duly made on the defendant, Hinton, was an estoppel, complete, against the plaintiff in the present action. The main reliance of the defendant was upon the principle laid down in *Harrison v. Hargrove,* 120 N. C., p. 96. There is a clear distinction between the law laid down in *Harrison v. Hargrove, supra,* and that which is involved in this case. In *Harrison v. Hargrove* the summons was not found among the papers in the case, and there was no other evidence of the service of the summons or of the appearance of the defendants except that in the decree for a sale of the land. It was declared that personal service of the summons had been made, and this Court held that in such a case the recital of the service of process upon the defendants protected an outsider who purchased the land ordered to be sold in the

decree, the purchaser being ignorant that personal service had never been made on the defendants.

. In the case before us the record shows that the recital made in the case in the Court of Law and Chancery in Norfolk was an erroneous recital in law, because there appeared in the record the return of the person who was deputized to serve the process upon the defendant, Hinton, in that action, and that return shows upon its face that the attempted service was absolutely void.

The court in Virginia, in making the order for the service of the notice upon the defendant, Hinton, claimed the authority to make personal service upon the defendant in North Carolina, under sec. 2998 of The Code of Virginia. Such an order was invalid and void, and the service made under it was therefore void.

Each State in the Union is a coequal with the others in point of authority and power, and it is elementary learning that one State, through its courts, can not extend its coercive power nor provide for personal service of process nor affect by judicial determination property outside of its own territory. Any attempt by one State to give to its courts jurisdiction beyond its own limits over persons domiciled, or property situated, in another State, is a usurpation of authority and is void. This law would not apply of course in cases where the courts of one State had made personal service of process upon persons who lived in another State, but who had put themselves within the jurisdiction of that other State. And other methods of giving notice of court proceedings to non-residents are permitted, as service by publication, where the property of the non-resident is brought under the control of the court by attachment or other equivalent act, the theory of the law being that the owner is always in possession of his

property, and that its seizure will inform him of the seizure, and that he will look out for his interest. And also other methods of service of process will be allowed in cases where property is sought to be partitioned between residents and non-residents; in cases to enforce a contract between such persons concerning property within the jurisdiction; in cases of condemnation of a non-resident's property for public purposes, and also to fix the status of a non-resident as to his relations with a resident within the jurisdiction—as in divorce proceedings. But, as was said in *Pennoyer v. Neff,* 95 U. S., 727, "Where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely *in personam* constructive service in this form upon a non-resident is ineffectual for any purpose. Process from the tribunals of one State can not run into another State and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the State where the tribunal sits can not create any greater obligation upon the non-resident to appear. Process sent to him out of the State and process published within it are equally unavailing in proceedings to establish his personal liability." To the same effect is the opinion in *Grover & Baker v. Redcliff,* 137 U. S., 287. The attempt, therefore, which was made to make the service upon the defendant, Hinton, through the process from the Court of Law and Chancery in Norfolk being void, it follows that the judgment, based upon that attempted service which "forever barred any claims of Hinton in respect to the subject matter of this suit against the said defendant, The Penn Mutual Life Insurance Company of Pennsylvania," is also void.

The defendant's counsel here admitted that ordinarily

the judgment of another State, when used in this State as a basis of an action or as a defense to one, would be open to proof in respect to jurisdiction of the court which rendered it, but he argued that the judgment of a court of another State under Art. IV, sec. 1, of the Constitution of the United States, which declares that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," and the acts of Congress passed in pursuance thereof, cure the defect in the service of the Virginia process, because the judgment recites that service of the notice was duly made, and because this Court had decided to that effect in the case of *Hargrove v. Harrison, supra,* and that this Court is bound to give the same faith and credit to the Virginia judgment as was given to the judgment in *Hargrove v. Harrison, supra.*  But the two cases stand on an entirely different footing.  One difference, as we have already pointed out, is that the return upon the process served upon Hinton, the defendant in the case in the Court of Law and Chancery in Virginia, shows that it was served personally, in North Carolina, upon Hinton.  That attempted service was void upon its face, and the court in Virginia made an error in law in declaring in its judgment that its notice was duly served.

In the next place the defendants in *Hargrove v. Harrison, supra,* were residents of North Carolina, and within the jurisdiction of the Superior Court which rendered the judgment, and the fact that the defendants were subject to the jurisdiction of the court was the foundation of the judgment, no summons appearing in the record.  If they had been nonresidents, service by publication not having been made, the lack of jurisdiction could have been shown, by all the authorities.  There must be a

New trial.