S. A. STEVENS v. CORNELIA VANDERBILT CECIL, THE BILTMORE COMPANY AND BILTMORE DAIRY FARMS, INC.

(Filed 28 September, 1938.)

**1. Process § 5—**

> In an action *quasi in rem* against a nonresident defendant it is necessary to a valid service of process by publication that the defendant have property in the State and that such property has been actually subjected to the control of the court by attachment.

**2. Same—**

> No valid service of process by publication can be had against a nonresident defendant in an action *in personam.*

APPEAL by the plaintiff from *Alley, J.,* at March Term, 1938, of BUNCOMBE. Affirmed.

*Don C. Young and Wells, Carter & Hipps for plaintiff, appellant.*
*Adams & Adams for defendant, appellee.*

SCHENCK, J. This is an action to vacate and set aside a certain consent judgment of the Superior Court rendered in an action wherein the plaintiff herein was the plaintiff and the defendant Cecil was the defendant for the reason that the plaintiff's consent to said judgment was induced and procured by the willful frauds and deceptions practiced upon him by the agent of the defendant Cecil, who was the general manager of the dairy business of said defendant, and the immediate superior of the plaintiff as an employee of such defendant in the conduct of her said dairy business; said judgment purporting, for a nominal consideration, to release said defendant from any manner of employer's liability to the plaintiff for injuries which he claims he suffered while engaged in the discharge of the duties of his said employment, in consequence of the negligence of his said employer.

The defendant Cornelia Vanderbilt Cecil entered a special appearance and moved the court to dismiss the action as to her for the reason that the court had acquired no jurisdiction over her property or person. This motion was allowed, and the plaintiff excepted and appealed to the Supreme Court.

It appears from the record that there has been no personal service of summons made upon the defendant Cecil, and that there has been no waiver of service by said defendant, and that the only attempt at service has been by publication. The record further divulges that no attachment has issued against the property of the defendant Cecil.

*Chief Justice Clark,* in *Bernhardt v. Brown,* 118 N. C., 701 (705), says: " 'Due process of law' requires that service of process shall always be made. There are three modes in which this can be done:

"1. By actual service (or, in lieu thereof, acceptance of service or a waiver of service by an appearance in the action). Whether actual service shall be made by reading the summons or notice to the defendant, or leaving a copy with him personally or at his usual place of residence, is for the Legislature to prescribe. The Code, secs. 214, 217, 597.

"2. By publication of summons in cases in which it is authorized by law, in proceedings *in rem.* In these cases the court already has jurisdiction of the *res,* as to enforce some lien or a partition of property in its control, or the like, and the judgment has no personal force, not even for the costs, being limited to acting upon the property.

"3. By publication of the summons, in cases authorized by law, in proceedings *quasi in rem.* In those cases the court acquires jurisdiction by attaching property of a nonresident or of an absconding debtor, and in similar cases, and the judgment has no personal efficiency, extending no farther than its enforcement out of the property seized by attachment." See, also, *Vick v. Flournoy,* 147 N. C., 209; *Orange County v. Jenkins,* 200 N. C., 202 (206), and cases there cited; N. C. Prac. & Proc. (McIntosh), par. 322, pp. 317-18.

There was no actual service, nor acceptance nor waiver of service to bring the instant case within the first mode in which service of process may be made.

The instant case does not fall within the second mode in which service of process may be made by publication of summons, since it is not an action *in rem* in which the court already had jurisdiction of the *res.*

If the instant case be an action *quasi in rem* as specified in the third mode of service of process, the absence of attachment was fatal to the plaintiff's cause. In the absence of personal service, acceptance and waiver of service, and in the absence of the court already having jurisdiction of the *res,* the court has no jurisdiction of a nonresident defendant or one who cannot after due diligence be found within the State, unless (1) he has property in the State and (2) such property has been actually subjected to the control of the court by attachment. *Pennoyer v. Neff,* 95 U. S., 714 (24 Law Ed., 565); *Winfree v. Bagley,* 102 N. C., 515; *Long v. Insurance Co.,* 114 N. C., 466; *May v. Getty,* 140 N. C., 310; *Currie v. Mining Co.,* 157 N. C., 209; *Everitt v. Austin Brothers,* 169 N. C., 622.

If the instant case be an action *in personam* against a nonresident, or one who cannot after due diligence be found within the State, constructive service by publication is ineffective for any purpose. *Hinton v. Ins. Co.,* 126 N. C., 18; *Winfree v. Bagley, supra.* "Where the entire

object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely *in personam,* constructive service in this form (by publication) upon a nonresident is ineffectual for any purpose. *Pennoyer v. Neff, supra.*

The judgment of the Superior Court dismissing the action is
Affirmed.