TRINITY METHODIST CHURCH, WILMINGTON, NORTH CAROLINA, AND CHARLES L. SNEEDEN, J. WARD ANDREWS, V. M. LANCASTER, MARK H. DIECHMAN, A. S. GRIST, W. J. HAYES, ROGER MATTHEWS, J. G. McKEITHAN, AND R. F. BRADSHER, TRUSTEES OF TRINITY METHODIST CHURCH, WILMINGTON, NORTH CAROLINA v. CHAS. J. MILLER, TRADING AS CHAS. J. MILLER COMPANY AND GLENS FALLS INSURANCE COMPANY.

(Filed 16 October 1963.)

**1. Process § 8—**

An action for breach of contract to rebuild a church organ, the contractor claiming no interest in the organ nor any lien thereon, is an action solely *ex contractu* and does not come within the provisions of G.S. 1-98.2(1) so as to authorize service of process on the nonresident under G.S. 1-104(a).

**2. Same—**

G.S. 1-98.2(6) does not authorize service of process under G.S. 1-104(a) unless the defendant is a resident of this State and has departed therefrom with intent to defraud creditors or avoid service of summons, and therefore the statute can have no application when it appears from the complaint that defendant is a nonresident or if it does not affirmatively appear that he is a resident who has left the State for the purpose of defrauding his creditors and avoiding service of summons.

**3. Same; Judgments § 1—**

A judgment *in personam* cannot be rendered against a defendant unless personal service of process is had upon him within the State or he has accepted service, or by general appearance, actual or constructive, has waived service, and personal service outside the State under G.S. 1-104 is ineffectual to give the court jurisdiction over the person.

APPEAL by defendant Chas. J. Miller from *Parker, J.,* May Civil Session 1963 of NEW HANOVER.

This is a civil action to recover damages arising from an alleged breach of contract.

On 26 December 1956, defendant Chas. J. Miller, trading as Chas. J. Miller Company, entered into a contract with plaintiff Trinity Methodist Church of Wilmington, North Carolina, through its Board of Trustees, to rebuild an organ owned by plaintiff and located in Wilmington, North Carolina. At the time of the execution of the contract, defendant Chas. J. Miller was a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

On 16 June 1961, plaintiff notified defendant Glens Falls Insurance Company, which corporation had executed a performance bond on behalf of defendant Miller, that Miller had breached his contract. On 14 December 1962 this action was instituted in New Hanover

County by issuing a summons and filing a verified complaint in which it was alleged that the individual defendant had breached his contract and "is not now a resident of North Carolina."

The answer of the defendant surety admitted that the individual defendant is not a resident of North Carolina. The affidavit for service of process outside the State alleges that, "After due and diligent search, said defendant, although a resident of North Carolina, cannot be found in this State and personal service cannot be made upon him in this State."

The defendant Miller was personally served in Logan County, Arkansas, under the provisions of G.S. 1-104.

Pursuant to the provisions of G.S. 1-134.1, Miller, through his counsel, moved to dismiss the action against him for that the court has not properly acquired jurisdiction over the person of the defendant Miller.

The motion was denied and the defendant Miller appeals, assigning error.

*Henry & Henry; Burnett & Burnett; Carter, Murchison, Fox & Newton for plaintiff appellee.*
*Poisson, Marshall, Barnhill & Williams for defendant appellant.*

DENNY, C. J. The question for determination is, in an action for damages for breach of contract, can valid service of process be had outside the State of North Carolina pursuant to the provisions of G.S. 1-104.

G.S. 1-104 provides in pertinent part as follows: "(a) In all actions and special proceedings in which a verified pleading or an affidavit for service of process outside the State has been filed pursuant to G.S. 1-98.4, and an order for such service has been issued pursuant to G.S. 1-99, it shall be sufficient for service of process outside the State to mail the original and a copy of the process, together with a copy of such pleading or affidavit, to the sheriff or other process officer of the county or corresponding governmental subdivision of the state where the party to be served is located, who shall serve same according to its tenor. * * *"

The affidavit required under the provisions of G.S. 1-98.4 must show, among other things, the following: "(2) * * * That the action or special proceeding is one of those specified in G.S. 1-98.2, that a cause of action exists against the person to be served or that he is a proper party, and that the action or special proceeding is of such a kind that the court will have jurisdiction upon service of process by publication or service of process outside the State * * *."

G.S. 1-98.2 provides the particular instances in which service of process by publication or service of process outside the State may be obtained, as follows:

"(1) Those in which the court has jurisdiction over the real or personal property which is the subject matter of the litigation;

"(2) Those in which the court by order of attachment granted therein at any time prior to judgment secures control over property belonging to the person to be served;

"(3) Those for annulment of marriage, divorce, adoption or custody of a minor child, or for any other relief involving the domestic status of the person to be served;

"(4) Those for the purpose of revoking, cancelling, suspending or otherwise regulating licenses issued or privileges granted by the State or any political subdivision thereof, or by any agency of either, to the person to be served; and

"(5) Any other actions and special proceedings in rem or quasi in rem in which the court has jurisdiction over the res.

"(6) Where the defendant, a resident of this State, has departed therefrom or keeps himself concealed therein with intent to defraud his creditors or to avoid the service of summons."

The appellees contend that subsections (1) and (6) of the foregoing statute are applicable to the factual situation in this litigation. They base their contention on the fact that Miller contracted to rebuild and modernize plaintiff's organ which is within the jurisdiction of the Superior Court where the action is pending. Conceding this to be true, the defendant Miller does not own the organ, neither are there any allegations in the complaint to the effect that he claims any interest therein or lien thereon. Consequently, the organ is not the subject matter of the litigation. *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232. This litigation is bottomed on an alleged breach of contract. Therefore, the relief sought is an *in personam* judgment, and subsection (1) of G.S. 1-98.2 has no application to the facts involved in this litigation.

Now with respect to subsection (6) of the statute, the affidavit upon which the order of service of process outside the State was based was filed in the office of the Clerk of the Superior Court of New Hanover County on 9 January 1963. This affidavit is to the effect that defendant Chas. J. Miller is a resident of North Carolina but cannot be found in the State and personal service cannot be made upon him in this State; that according to the best information available, said de-

fendant had departed from North Carolina and his last known address is 315 East Magazine Street, Booneville, Arkansas.

On the other hand, the verified complaint filed in this action on 14 December 1962 alleges that defendant Chas. J. Miller is not a resident of North Carolina.

As we construe subsection (6) of the statute, it applies only where the defendant is a resident of this State and has departed therefrom or keeps himself concealed therein with intent to defraud his creditors or to avoid the service of process. There is no allegation in the affidavit or in plaintiff's complaint, alleging that the defendant left the State with the intent to defraud his creditors or to avoid service of process. Even so, in our opinion, subsection (6) of the statute has no application to a nonresident of this State.

In *Hinton v. Insurance Co.,* 126 N.C. 18, 35 S.E. 182, 78 Am. St. Rep. 636, it is said: "Any attempt by one State to give its courts jurisdiction beyond its own limits over persons domiciled, or property situated, in another State, is a usurpation of authority and is void. This law would not apply of course in cases where the courts of one State had made personal service of process upon persons who lived in another State, but who had put themselves within the jurisdiction of that other State. And other methods of giving notice of court proceedings to nonresidents are permitted, as service by publication, where the property of the nonresident is brought under the control of the court by attachment or other equivalent act, the theory of the law being that the owner is always in possession of his property, and that its seizure will inform him of the seizure, and that he will look out for his interest. And also other methods of service of process will be allowed in cases where property is sought to be partitioned between residents and nonresidents; in cases to enforce a contract between such persons concerning property within the jurisdiction; in cases of condemnation of a nonresident's property for public purposes, and also to fix the status of a nonresident as to his relations with a resident within the jurisdiction —as in divorce proceedings. But, as was said in *Pennoyer v. Neff,* 95 U.S. 727, 'Where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely *in personam,* constructive service in this form upon a nonresident is ineffectual for any purpose. Process from the tribunals of one State can not run into another State and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the State where the tribunal sits can not create any greater obligation upon the nonresident to appear. Process sent to him out of the State and process published

within it are equally unavailing in proceedings to establish his personal liability.' " *Harris v. Upham,* 244 N.C. 477, 94 S.E. 2d 370.

In *Burton v. Dixon,* 259 N.C. 473, 131 S.E. 2d 27, *Moore, J.,* speaking for the Court, said: "Jurisdiction of a party in an action *in personam,* as is the instant action, can only be acquired by personal service of process within the territorial jurisdiction of the court, or by acceptance of service, or by general appearance, active or constructive. *Warlick v. Reynolds,* 151 N.C. 606, 66 S.E. 657. In an action *in personam* constructive service (by publication, or personal service outside the State) upon a nonresident is ineffectual for any purpose. *Stevens v. Cecil,* 214 N.C. 217, 199 S.E. 161; McIntosh: North Carolina Practice and Procedure (2d ed. 1956), s. 911, p. 479."

There can be no doubt about the fact that the defendant, Chas. J. Miller, was not a resident of this State when this action was instituted. Therefore, based on the cause of action alleged in the complaint, we hold that the provisions of G.S. 1-98.2, subsections (1) and (6), do not authorize service of process by publication or service of process outside the State on the defendant, Chas. J. Miller, a nonresident, that will give the Superior Court jurisdiction to render a valid *in personam* judgment against him.

Reversed.