### LANE TRUCKING COMPANY v. EDWARD L. HAPONSKI.

(Filed 20 November 1963.)

**1. Injunctions § 1—**

    Injunction is an equitable remedy exercised *in personam* and not *in rem.*

**2. Process § 8—**

    In order to a valid service of process under G.S. 1-104 it must appear by affidavit or by verified complaint treated as an affidavit, that the requirements of G.S. 1-98.4 have been met and that the cause of action is within the purview of G.S. 1-98.2.

**3. Judgments § 1—**

    Service of process on a nonresident under G.S. 1-104 cannot confer jurisdiction of the person upon our court so as to enable it to render a valid judgment *in personam.*

**4. Corporations § 4;    Process § 12—**

G.S. 55-33(c) has no application to an action against a person who is not a director at the time the action is instituted or to an action which seeks recovery against a director for alleged wrongful conduct subsequent to his removal from office as director, and even when the statute is applicable G.S. 55-33(d) provides the exclusive method of service of process.

APPEAL by defendant from *Latham, J.,* March 1963 Civil Session of WAKE.

This action was instituted in the Superior Court of Wake County, North Carolina, on February 21, 1963. The summons was addressed to the Sheriff of Broward County, Florida. Based on the verified complaint, an *ex parte* temporary restraining order was issued by Judge Fountain. On February 22, 1963, the Sheriff of Broward County, Florida, in said county, delivered to defendant a copy of the summons, complaint and order. No other process has been issued. No other service has been made or attempted.

The allegations of the complaint, summarized or quoted, are as follows:

Plaintiff, a North Carolina corporation, has its principal office and place of business in Raleigh, North Carolina. Defendant formerly resided in Wake County, North Carolina, but now resides in Hollywood (Broward County), Florida. Prior to February 2, 1963, defendant was an officer and director of plaintiff but on that date "defendant was for good cause shown removed as an officer and as a director of the plaintiff" and was duly notified of his said removal. Thereafter, defendant "made no effort to interfere with the plaintiff's property or business in the State of Florida." until shortly before midnight on February 20, 1963, when defendant "went on plaintiff's property, took control of all of the plaintiff's trucks, rolling stock and other equipment, removed it from the plaintiff's property and from the possession and control of the plaintiff's duly authorized officers and agents in the State of Florida." Defendant "holds, or claims possession of, said property and refuses to allow the plaintiff's officers and agents to take possession thereof or to operate said property and equipment in the discharge of plaintiff's business or to use, operate and control the said property and equipment in and about the normal course of plaintiff's business and in the discharge of plaintiff's contract obligations in the State of Florida."

The temporary restraining order provided:

(1) " . . . that the defendant be, and he is hereby restrained and enjoined from interfering in any manner with the plaintiff's control and possession of the property described in the complaint

and from interfering or attempting to interfere in any way or in any manner whatsoever with the plaintiff's possession and use and access to said property or with the exercise by the plaintiff of any and all rights and privileges legally incident to the ownership and possession thereof."

(2) " . . . that the defendant restore to the plaintiff forthwith full possession and control of all property consisting of trucks, rolling stock and equipment now in the possession of the defendant or in any way held or controlled by him."

(3) " . . . that the defendant appear before the Honorable Judge Presiding judge on the 4th day of March, 1963, at 10:00 o'clock A.M., at the Wake County Courthouse in Raleigh, North Carolina, or as soon thereafter as this cause may be heard to show cause, if any there be, why this order should not be continued until the final determination of this action."

Defendant, under a special appearance, moved to dismiss on the ground the attempted service of process was void and the court had no jurisdiction of the person of defendant or of property in his possession.

The matter came on for hearing before Judge Latham. Two orders, both dated March 7, 1963, were entered.

In one order, which relates solely to defendant's said motion to dismiss, it was ordered and adjudged: "1. That this Court has jurisdiction over the person of Edward L. Haponski and over the property of Lane Trucking Company held by him. 2. That defendant's motion, entered upon his special appearance herein be, and the same is hereby in all respects overruled and denied."

The other order provides that defendant is enjoined "permanently" substantially as set forth in the temporary order; that defendant is adjudged in wilful contempt on account of his refusal to comply with the terms of said temporary order; and that defendant appear at a specified time and place to show cause, if any, why he should not be punished for contempt.

Defendant excepted to each of said orders, and excepted to each and all of the findings of fact and conclusions of law set forth therein, and appealed.

*Allen Langston for plaintiff appellee.*
*Bryant, Lipton, Bryant & Battle for defendant appellant.*

BOBBITT, J.   Plaintiff alleged the "trucks, rolling stock and other equipment" were in the State of Florida when defendant took posses-

sion and control thereof. There is no allegation or contention that the action involves property located in North Carolina and subject to the jurisdiction of our courts.

Plaintiff's action is for prohibitory and mandatory injunctive relief. "Injunction is distinctly an equitable remedy, and the well-established principle underlying equity jurisdiction that it is exercised in *personam,* and not *in rem,* is fully applicable." 28 Am. Jur., Injunctions § 4; 19 Am. Jur., Equity § 452; 43 C.J.S., Injunctions § 162; 30 C.J.S., Equity § 102.

Plaintiff contends the service by the Sheriff of Broward County, Florida, in said county, was authorized by G.S. 1-104 and by G.S. 55-33(c) and conferred upon the Superior Court of Wake County, North Carolina, jurisdiction over the person of defendant. The court below so held.

The provisions of G.S. 1-104 are quoted and discussed by *Denny, C.J.,* in *Church v. Miller,* 260 N.C. 331, 132 S.E. 2d 688. The purported service now under consideration was not made in accordance with the requirements thereof. No affidavit other than the verified complaint was filed by plaintiff. The verified complaint (treated as an affidavit) does not meet the requirements of G.S. 1-98.4. An affidavit in compliance with G.S. 1-98.4 is jurisdictional. *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314, and cases cited. The cause of action alleged by plaintiff is not one of the "kinds of actions and special proceedings" listed in G.S. 1-98.2 in which "service of process outside the State may be had." There was no order "for service of process outside the State pursuant to G.S. 1-104." See G.S. 1-99.

Apart from the foregoing, service in accordance with G.S. 1-104 would not confer upon the Superior Court of Wake County jurisdiction of the person of defendant and enable it to render a valid *in personam* judgment. *Church v. Miller, supra,* and cases cited. As stated by *Moore, J.,* in *Burton v. Dixon,* 259 N.C. 473, 479, 131 S.E. 2d 27, quoted with approval by *Denny, C.J.,* in *Church v. Miller, supra:* "Jurisdiction of a party in an action *in personam,* as is the instant action, can only be acquired by personal service of process within the territorial jurisdiction of the court, or by acceptance of service, or by general appearance, active or constructive. *Warlick v. Reynolds,* 151 N.C. 606, 66 S.E. 657. In an action *in personam* constructive service (by publication, or personal service outside the State) upon a nonresident is ineffectual for any purpose. *Stevens v. Cecil,* 214 N.C. 217, 199 S.E. 161; McIntosh: North Carolina Practice and Procedure (2d ed. 1956), s. 911, p. 479."

G.S. 55-33(c), a provision of the "Business Corporation Act" (Session Laws of 1955, Chapter 1371), provides: "Every resident of this State who shall become a director of a domestic corporation and thereafter removes his residence from this State shall be subject to the jurisdiction of the courts of this State in all actions or proceedings brought therein by, or on behalf of, or against said corporation in which said director is a necessary or proper party, or in any action or proceeding by shareholders or creditors against said director for violation of his duty as a director." Questions as to the interpretation and validity of this statutory provision must be considered in relation to specific factual situations. This statutory provision refers to (1) actions in which a former resident of this State who was and is a director of a domestic corporation is a necessary or proper party in his capacity as such director and (2) actions by shareholders or creditors against a director for violation of his duty as such director. It has no application to the present case. Plaintiff alleged defendant was not a director when this action was commenced. The action is not for violation by defendant of his duty as director but for alleged wrongful conduct of defendant (in Florida) subsequent to his removal from the office of director. Moreover, G.S. 55-33(d) provides the exclusive method of service of process when service of process is authorized by G.S. 55-33(c). Here, no attempt was made to comply with G.S. 55-33(d).

The court having acquired no jurisdiction of the person of defendant, the court erred in overruling defendant's motion to dismiss and in entering an order on the merits adverse to defendant. Accordingly, the said orders of the court below are reversed and the cause is remanded for entry of an order dismissing the action.

Reversed and remanded.