MARY EDITH WRIGHT SURRATT v. GLENN MARVIN SURRATT.

(Filed 15 January, 1965.)

1. **Divorce and Alimony § 1;  Judgments § 1;  Process § 8—**

In the wife's action for support and maintenance of the children of the marriage and for alimony without divorce, a judgment *in personam* may not be rendered against the husband served with process outside the State pursuant to G.S. 1-104, since the court must have jurisdiction of the person in order to render a personal judgment.

2. **Estoppel § 3—  Record held to disclose that defendant is a nonresident.**

Where the wife files answer and participates in an action for divorce instituted by the husband in another state and accepts benefits under the decree therein entered, and some three months later, in her action instituted in this State, after return of service upon him "not to be found" gives information as to his residence in such other state, notwithstanding her allegation that he is a resident of this State, and *does not allege that he departed this State with intent to avoid service, held* the wife may not thereafter assert the husband's residence to be in this State for the purpose of asserting jurisdiction of the court over his person in her action instituted here.

APPEAL by defendant from *Walker, S. J.,* July Session 1964 of RANDOLPH.

This action was instituted by the plaintiff on 10 December 1962 for subsistence for the plaintiff and the two minor children born of the marriage between the plaintiff and defendant. No service of process was ever obtained on the defendant in North Carolina. An order was entered on 17 January 1963, awarding custody of the minor children to the plaintiff and granting temporary support to the plaintiff and her children and counsel fees for her attorney.

The defendant through counsel made a special appearance on 4 October 1963, and moved to dismiss the order for temporary subsistence for lack of service on the person or property of the defendant, and the motion was denied.

On 26 October 1963, service of process outside of the State of North Carolina was had on the defendant while he was a resident of Alachua County, Florida. No answer was filed by the defendant and no appearance made by him.

According to the defendant's brief, on 5 August 1963, the appellant herein, Glenn Marvin Surratt, instituted a civil action in the Circuit Court of the Second Judicial Circuit of Florida against Mary Edith Wright Surratt, asking for an absolute divorce. The defendant in that action, Mary Edith Wright Surratt, filed answer. The record before us does not disclose what affirmative relief Mary Edith Wright Surratt prayed for in her answer. The record, however, does contain a duly certified copy of the final decree entered in said action.

Mrs. Surratt was represented in the Florida proceeding by counsel and was present at the trial of said action in Leon County, Florida. A judgment was entered on 20 May 1964, granting Mrs. Surratt an absolute divorce, custody of the minor children, and awarding her the sum of $75.00 per month, per child, to be paid on the 5th day of each month, commencing 5 June 1964. The decree made no provision for alimony for Mrs. Surratt. Mr. Surratt states in his brief that he has been complying with the terms of the Florida decree. There is no contention to the contrary set forth in the record.

This action was tried at the 2 December 1963 Civil Session of the Superior Court of Randolph County, and a judgment entered granting the plaintiff separate maintenance and subsistence for herself, and alimony without divorce from the defendant in the sum of $300.00 per month.

On 14 January 1964, an order was issued by Latham, S.J., presiding over the Superior Court of Randolph County, North Carolina, directed to Glenn Marvin Surratt, to show cause why he should not be adjudged in contempt for failure to comply with the judgment entered at the December Session of the Superior Court of Randolph County. The foregoing order was served on the defendant on 25 January 1964 by the Sheriff of Alachua County, Florida.

The hearing on the order was continued from time to time and finally heard before Crissman, J., presiding over the courts of the Nineteenth Judicial District, at the 6 April 1964 Session of the Superior Court of Randolph County. The plaintiff appeared at the hearing and

was represented by counsel. The defendant did not appear at the hearing and was not represented by counsel.

Crissman, J. entered an order on 6 April 1964, adjudging the defendant in contempt and ordered that he be held in the custody of the Sheriff of Randolph County until he has shown compliance with the previous orders of the court. The defendant was thereafter arrested and imprisoned in the jail of Randolph County.

On 2 June 1964, Glenn Marvin Surratt applied to Walker, S.J., for a writ of *habeas corpus*, alleging that his imprisonment was illegal. The writ was granted on 2 June 1964 and made returnable before Walker, S.J. at 2:00 p.m. on the same day.

On 3 June 1964, Walker, S.J., entered an order to the effect that Glenn Marvin Surratt is held in lawful custody under an order signed by Crissman, J. on 6 April 1964, and remanded the said Glenn Marvin Surratt to the custody of Lloyd E. Brown, Sheriff of Randolph County to remain in his custody until he complies with the orders heretofore entered in this cause.

The appeal entries entered below will be treated as a petition for *certiorari* and allowed. The defendant assigns error.

*Ottway Burton for plaintiff appellee.*
*Miller & Beck, Jerry M. Shuping for defendant appellant.*

DENNY, C.J. The sole question before us on this appeal is whether or not a wife may institute an action for the custody, support and maintenance of the minor children born of the marriage, and for alimony without divorce, and procure an *in personam* judgment against her defendant husband by service of process on her non-resident husband outside the State, pursuant to the provisions of G.S. 1-104. The answer must be in the negative.

In 17 Am. Jur., Divorce and Separation, § 592, page 678, *et seq.,* it is said: "While, under statute, a personal judgment for alimony and costs may properly be entered against a resident defendant who has been served by publication, it is well settled, in accord with the general rules applicable in other cases, that a decree for alimony and costs against a nonresident defendant cannot be based upon constructive service except as against property which may be found within the jurisdiction of the court, specifically proceeded against in the divorce proceeding, and described in the petition for divorce. In other words, constructive service in itself, whether made by publication or by actual service of process upon the defendant without the state is insufficient to give jurisdiction to render a judgment for alimony against a non-

resident which will be binding upon him except as to his property within the jurisdiction. Consequently, even where a statute authorizes a court to award alimony as incidental to suits for divorce, although in terms applying to all cases where alimony is decreed, it must be considered as in harmony with the general rule that a personal decree can only be supported by personal service within the jurisdictional limits."

Likewise, in 17A Am. Jur., Divorce and Separation, § 973, page 157, it is stated: "The power to order a person to pay alimony or child support in a divorce action requires jurisdiction *in personam* over him. * * *"

Also, in 42 Am. Jur., Process, § 50, page 41, it is said: "Whatever effect constructive service of process or personal service outside the territorial jurisdiction of the court may have to give a court jurisdiction *in personam* over its own residents, it is now well and conclusively established that jurisdiction over the person of a nonresident of the state, sufficient to authorize the court to render personal judgment against such nonresident, can be acquired only by personal service of process within the territorial jurisdiction of the court by whose order or judgment his personal liability is to be ascertained and fixed, unless he waives service of process by his voluntary appearance or consents to or accepts some form of service other than personal service. A personal judgment without such personal service upon a nonresident defendant who does not appear or otherwise waive such service is void as obtained without due process of law."

The appellee contends that the defendant is not and never has been a nonresident of the State of North Carolina. Even so, while she alleged in her complaint that the defendant was a resident of Randolph County, North Carolina, when the defendant could not be found in the State of North Carolina, and therefore no personal service could be obtained on him within the State, the plaintiff, in order to get personal service on the defendant outside the State, filed an affidavit on 7 October 1963 to the effect that after due diligence personal service cannot be obtained on the defendant within the State; that the residence of the defendant, according to the best information of the applicant, was 2126 N.W. 7th Street, Gainesville, Florida. Personal service outside the State was thereafter obtained on the defendant in Alachua County, Florida, in which Gainesville is located. Moreover, there was nothing in plaintiff's affidavit to the effect that the defendant was a citizen and resident of North Carolina and "has departed therefrom or keeps himself concealed therein with intent to defraud his creditors or to avoid the service of summons," as set forth in G.S. 1-98.2, subsection 6.

Furthermore, personal service outside the State was not obtained until nearly three months after the defendant herein had instituted an action for absolute divorce from the plaintiff herein in Leon County, Florida, in which action the plaintiff filed answer, employed counsel to represent her, and was present and participated in the trial thereof, in which action she was granted an absolute divorce from the defendant herein, given custody of her children and support for them, and has been the recipient of the benefits of such judgment since it was rendered.

We hold, under the facts revealed by the record, the defendant was a nonresident of North Carolina at the time service of process was made upon him outside the State and that the judgment entered against the defendant at the December Session 1963 of the Superior Court of Randolph County was not a judgment *in personam,* and that the orders adjudging the defendant in contempt for failing to comply therewith were improvidently entered and are hereby reversed and set aside. *Church v. Miller,* 260 N.C. 331, 132 S.E. 2d 688; *Burton v. Dixon,* 259 N.C. 473, 131 S.E. 2d 27; *Stevens v. Cecil,* 214 N.C. 217, 199 S.E. 161; *Pennoyer v. Neff,* 95 U.S. 714, 24 L. Ed. 565.

The judgment of the court below is
Reversed.