ELIZABETH WRIGHT FLEEK v. JOHN SHERWOOD FLEEK.

(Filed 20 June, 1967.)

**1. Divorce and Alimony §§ 1, 22; Judgments § 1—**

The courts of this State have jurisdiction of an action instituted by a resident plaintiff against a nonresident defendant for divorce, and have power in such action to award custody of the children of the marriage when the children are within the State, but service by publication cannot support a judgment *in personam* ordering defendant to pay a stipulated sum per month for the support of the children, and motion to quash the order for such payments is properly allowed upon defendant's motion upon special appearance.

**2. Judgments § 1; Constitutional Law § 24—**

A judgment *in personam* against a defendant served by publication is void as violating due process, which requires actual notice and an opportunity to be heard.

**3. Process § 9—**

   Service by publication is in derogation of common law rights, and G.S. 1-98.2(3), providing for such service, must be strictly construed; even if a statute should be construed as authorizing a judgment *in personam* upon substituted service, such provision would be unconstitutional.

APPEAL by plaintiff from *Hasty, S.J.*, April 3, 1967 Assigned Civil Session, DURHAM Superior Court.

The plaintiff, Elizabeth Wright Fleek, a citizen and resident of Durham County, North Carolina, instituted this civil action in the Durham County Civil Court against her husband, John Sherwood Fleek, a resident either of Switzerland or Italy. The plaintiff's purpose in bringing the action was to obtain an absolute divorce from the defendant on the ground the parties separated and have lived separate and apart for the statutory period.

The plaintiff alleged the parties were married in Durham, North Carolina on June 18, 1953; that they separated on June 17, 1963; that two children were born of the marriage, John Sherwood Fleek, Jr. and Elizabeth Wright Fleek, who, since the separation, have been in the exclusive custody of the plaintiff in Durham County, North Carolina.

Service of process on the non-resident defendant was completed by publishing notice in a Durham County newspaper for the required period, and by mailing copies of the summons and complaint to the defendant at his last known addresses in Switzerland and in Italy.

Trial was had, the jury answered appropriate issues in favor of the plaintiff, and the Court entered judgment dissolving the bonds of matrimony between the parties; and awarding custody of the children to the plaintiff. The plaintiff made a motion in the cause for an order that the defendant be required to pay the sum of $500 per month for the support of each of the children. The plaintiff published notice in the newspaper and mailed copies to the defendant's last known addresses. The defendant, through counsel, entered a special appearance, moved to quash the service, and to deny the motion upon the ground the Court was without power to enter an *in personam* judgment in the absence of personal service of process on the defendant. Judge Bane granted the motion to dismiss upon the grounds alleged. The plaintiff appealed to the Superior Court. Judge Hasty, after hearing, affirmed the judgment of the Durham County Civil Court. The plaintiff appealed.

*Powe, Porter & Alphin by E. K. Powe and Willis P. Whichard for plaintiff appellant.*

*Purrington, Joslin, Culbertson & Sedberry by William Joslin for defendant appellee.*

HIGGINS, J. The plaintiff has insisted the service of process outside the State of North Carolina, under G.S. 1-98.2(3), gave the Court authority to enter judgment against the defendant, for the support of the children, although he is either in Switzerland or Italy. The statute provides:

"Service of process by publication or service of process outside the State may be had in the following kinds of actions and special proceedings:

(3) Those for annulment of marriage, divorce, adoption or custody of a minor child, or for any other relief involving the domestic status of the person to be served; * * *"

The plaintiff was a resident of North Carolina. The parties were married in this State and had lived here as husband and wife. Undoubtedly the Court had jurisdiction of the plaintiff and of the marriage status, and authority to grant the divorce. The children were before the Court in the actual custody of the plaintiff and the Court unquestionably had authority to award custody to her. The defendant's domestic status as a party to the marriage (a proceeding *quasi in rem*) was before the Court for adjudication. In a proper case, the Court may acquire jurisdiction of a non-resident defendant's rights to property in this State by attachment or by garnishment, but the Court is without power to enter a judgment *in personam* unless and until the defendant is before the Court in person, that is, by personal service of process, or by a general appearance before the Court. The terms of the statute relating to the "domestic status of the person to be served" do not give the Court authority to render a personal judgment. A judgment *in personam* on such service would violate due process which requires actual notice and an opportunity to be heard.

Service of process by publication is in derogation of common law rights and the statute providing for such service must be strictly construed. *Harrison v. Hanvey*, 265 N.C. 243, 143 S.E. 2d 593; *Jones v. Jones*, 243 N.C. 557, 91 S.E. 2d 562; *Com'rs of Roxboro v. Bumpass*, 233 N.C. 190, 63 S.E. 2d 144. In *Surratt v. Surratt*, 263 N.C. 466, 139 S.E. 2d 720, this Court stated:

"We hold, under the facts revealed by the record, the defendant was a non-resident of North Carolina at the time service of process was made upon him outside the State and that the judgment entered against the defendant at the December Session

1963 of the Superior Court of Randolph County was not a judgment *in personam,* and that the orders adjudging the defendant in contempt for failing to comply therewith were improvidently entered and are hereby reversed and set aside."

In the case of *Lennon v. Lennon,* 252 N.C. 659, 114 S.E. 2d 571, this Court stated that the full faith and credit clause of the Federal Constitution does not entitle a judgment *in personam* to extra-territorial effect when such judgment is rendered without jurisdiction over the person sought to be bound. In adopting the language in the case of *May v. Anderson,* 345 U.S. 528, 97 L. Ed. 1221, this Court stated:

"It is now too well settled to be open to further dispute that the 'full faith and credit' clause and the act of Congress passed pursuant to it do not entitle a judgment *in personam* to extra-territorial effect if it be made to appear that it was rendered without jurisdiction over the person sought to be bound."

Lee, in his work, NORTH CAROLINA FAMILY LAW, Sec. 99, states:

". . . while a divorce decree may be entitled to full faith and credit in all states so far it affects a dissolution of the marriage, yet it may be invalid with respect to economic or property incidents of the marriage.

A valid divorce which has been obtained in the state of domicile of only one of the parties through the use of constructive or substituted service of process, is not entitled to full faith and credit with respect to an adjudication or destruction of personal and property rights incidental to the marriage relation. The court must gain jurisdiction *in personam* over the defendant, as by a general appearance or personal service within the divorcing state, in order to adjudicate separable personal rights and duties." (citing numerous cases in footnote.)

A pertinent statement of the rule concerning jurisdiction over an absent father-husband is contained in 24 Am. Jur. 2d, Divorce and Separation, Sec. 828, as follows:

"While a court may gain jurisdiction to grant a divorce on constructive service, it cannot gain jurisdiction upon such a service which will support a judgment binding the party served personally, at least not if he is a non-resident."

In 24 Am. Jur. 2d, Divorce and Separation, Sec. 542, after stating that a court may enter a valid judgment of divorce without ever

acquiring jurisdiction over the person of the defendant, it is then stated:

> "Such jurisdiction, however, although sufficient to support a decree changing the marital status, will not necessarily sustain a judgment for alimony and costs. A decree for the payment of money as alimony or for the payment of costs is void in the absence of actual jurisdiction over the person or property of the one against whom it is awarded."

For the reasons assigned and upon the basis of the authorities cited and many others of like import, the judgment of the Superior Court of Durham County is

Affirmed.