CARL ROBBINS v. EWELL DAVID BOWMAN

No. 7019SC444

(Filed 16 September 1970)

1. Pleadings § 1; Sundays and Holidays— filing of complaint — extension of time — Labor Day

Clerk of court properly extended time to file complaint to 2 September 1969 where the statutory 20-day limitation for extension of time would have fallen on Labor Day, 1 September 1969. G.S. 1-121, G.S. 1-593, G.S. 103-4.

2. Evidence § 3— judicial notice — dates

The Court of Appeals takes judicial notice that 1 September 1969 was the first Monday in September.

3. Pleadings § 1— filing of complaint — extension of time — statement of purpose of action

Application for extension of time to file complaint must clearly state the purpose of the action as well as its nature. G.S. 1-121.

4. Process § 7— service on resident defendants who are outside the State — allegations of fraud

Purported service of process on North Carolina resident defendant who was outside the State was void where neither the affidavit nor the complaint contained allegations that the defendant departed from the State with intent to defraud his creditors or to avoid the service of summons. G.S. 1-98.2, G.S. 1-98.4.

APPEAL by plaintiff from *Copeland, S.J.,* 2 March 1970 Civil Session of Superior Court held in RANDOLPH County.

Defendant moved to dismiss and for summary judgment pursuant to Rule 12 and Rule 56 of the Rules of Civil Procedure. The trial court allowed the motion, and plaintiff excepted and appealed to the Court of Appeals.

*Clarence C. Boyan for plaintiff appellant.*

*Smith & Casper by Charlie B. Casper for defendant appellee.*

MALLARD, C.J.

[1] Summons in this case was issued on 12 August 1969. On the same date the Clerk of Superior Court of Randolph County, pursuant to G.S. 1-121 (which was applicable at that time but was repealed effective 1 January 1970), issued an order extending the time for filing complaint to the 2nd day of September 1969. Plaintiff contends that the trial court committed error in holding that the order purporting to extend the time for filing complaint to 2 September 1969 was contrary to the provisions of G.S. 1-121. The pertinent part of the statute reads:

> "(P)rovided, that the clerk may at the time of the issuance of summons on application of plaintiff by written order extend the time for filing complaint to a day certain not to exceed twenty (20) days, and a copy of such order shall be delivered to the defendant, or defendants, at the time of the service of summons in lieu of a copy of the complaint: Provided further, said application and order shall state the nature and purpose of the suit."

[2] We take judicial notice that 1 September 1969 was the first Monday in September. The statute, G.S. 103-4, declares that the first Monday in September is Labor Day and that it is a public holiday. When the extension order was signed, the statute, G.S. 1-593, read as follows:

> "The time within which an act is to be done, as provided by law, shall be computed by excluding the first and including the last day. If the last day is Sunday or a legal holiday, it must be excluded."

Nothing else appearing, it was not improper for the clerk to extend the time for filing the complaint under these circumstances to 2 September 1969.

[3] The above-quoted portion of the statute, G.S. 1-121, required that the application for the extension order and the order

"shall state the nature and purpose of the suit." The order of extension is defective and insufficient in that it neither states the *nature* nor the *purpose* of the action as required by the statute. The application for the order recites that "the nature and purpose of this action are as follows: For the property damage of Carl Robbins due to the negligence of Ewell David Bowman as a result of an automobile collision on State Road #1919 in Randolph County, North Carolina, on August 13, 1966." The *nature* of the action is stated in this application, but the purpose is not *clearly stated.* There is no doubt but that the purpose of the action was for the *recovery of damages,* but the application does not state that it is for the recovery of damages, and the statute specifically required that the *purpose* be stated in the application.

[4]   Plaintiff also contends that the trial judge committed error in finding and concluding as a matter of law:

"(T)hat the affidavit of the plaintiff dated November 7, 1969, and filed December 9, 1969, does not comply with the provisions of Sections 1-98.2 and 1-98.4 of the General Statutes of North Carolina and that the order of the Clerk of the Superior Court of Randolph County dated the 9th day of December, 1969, and the purported Alias and Pluries Summons for Relief directed to the Sheriff of Patrick County, Virginia, for service upon the defendant was contrary to the provisions of law and of no effect; * * * that there is no genuine issue as to any material fact and that the motion of the defendant to dismiss and for summary judgment should be granted on the ground that the plaintiff's claim is barred as a matter of law by the three-year statute of limitations and that there has been no valid service of process upon the defendant * * *."

G.S. 1-98.2(6) reads:

"Service of process by publication or service of process outside the State may be had in the following kinds of actions and special proceedings:

\*     \*     \*

(6)   Where the defendant, a resident of this State, has departed therefrom or keeps himself concealed therein with intent to defraud his creditors or to avoid the service of summons."

Robbins v. Bowman

This statute means that service of process personally on a defendant outside the State may be had in any case where the defendant, *a resident of this State,* has departed therefrom *with intent to defraud his creditors or to avoid the service of summons.*

G.S. 1-98.4 requires, among other things, that to secure an order for service of process outside the State, the verified pleadings or affidavit must state the action is one of those specified in G.S. 1-98.2.

In the complaint in this case it is alleged that the defendant is a resident of Randolph County. The affidavit upon which the order to obtain personal service outside the State is based is to the effect that summons has been returned by the Sheriffs of Randolph and Rockingham Counties, that the defendant was "not found"; that after diligent search and inquiry, the defendant cannot be found within the State; that defendant is a necessary party to this action of the plaintiff for damages to plaintiff's automobile as a result of an automobile collision on 13 August 1966 caused by defendant's negligence; that plaintiff is entitled to an order for service of process outside the State under the provisions of G.S. 1-98.2; and that the defendant is a *resident of this State* and has departed therefrom. In neither the affidavit nor the complaint is it alleged that the defendant has departed from the State with intent to defraud his creditors or to avoid the service of summons. Therefore, the statutes permitting service of process outside the State have not been complied with. Absent such compliance, the purported service of process outside the State is void. *Harrison v. Hanvey,* 265 N.C. 243, 143 S.E. 2d 593 (1965); *Church v. Miller,* 260 N.C. 331, 132 S.E. 2d 688 (1963). The cases cited by plaintiff are distinguishable.

Plaintiff moved the trial judge for an extension of time in which to file his complaint. The denial of this motion was not error.

We hold that pursuant to Rule 12 and Rule 56 of the Rules of Civil Procedure, the trial court correctly allowed defendant's motion to dismiss and for summary judgment.

Affirmed.

PARKER and HEDRICK, JJ., concur.