WILLA INA BRONDUM v. DONALD ALVIN COX

No. 7518DC939

(Filed 7 July 1976)

1. **Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act — blood grouping test — jury trial**

    A defendant is entitled in a proceeding under the Uniform Reciprocal Enforcement of Support Act to a blood grouping test pursuant to G.S. 8-50.1 where the issue of paternity is raised and, upon timely motion, is entitled to have the jury pass on the issue of paternity.

2. **Constitutional Law § 26— full faith and credit — void in personam judgment**

    The courts of one state have no duty to give full faith and credit to the *in personam* judgment of a foreign state except where the foreign state obtained jurisdiction both as to the person and as to the subject matter of the action before it.

3. **Constitutional Law § 26; Divorce and Alimony § 23— foreign judgment determining paternity — no in personam jurisdiction — full faith and credit not given to foreign judgment**

    Judgments for alimony and support of children are personal judgments; therefore, the N. C. court erred in giving full faith and

credit to the finding of a Hawaii court that defendant was the father of plaintiff's child and the judgment of that court requiring defendant to pay child support, since the Hawaii court never obtained personal jurisdiction over defendant.

Judge MORRIS dissents.

APPEAL by defendant from *Gentry, Judge.* Order entered 2 October 1975 in District Court, GUILFORD County. Heard in the Court of Appeals 11 March 1976.

This is a proceeding brought under the Uniform Reciprocal Enforcement of Support Act wherein the petitioner, Willa Ina Brondum, is seeking an order requiring the defendant, Donald Alvin Cox, to support the minor child, Noelani May Cox. In her complaint, filed in Honolulu, Hawaii, petitioner alleged that she was formerly married to the defendant and that the defendant is the father of her child, Noelani May Cox, born 11 September 1973. She alleged further that defendant refused to support the child and attached an affidavit which stated the child's financial needs and amount of petitioner's income. The defendant answered the complaint denying that he was the father of the child and moved for a blood grouping test pursuant to G.S. 1A-1, Rule 35 and 8-50.1 and for a jury trial on the issue of paternity.

At a hearing on defendant's motions on 25 September and 2 October 1975, petitioner introduced a divorce decree filed 21 August 1974 in the "Family Court" in Hawaii. The decree in pertinent part found that Noelani May Cox was "the minor child . . . of the parties" and awarded "the care custody and control of the minor child . . . of the parties" to the petitioner subject to reasonable rights of visitation by the defendant. The Hawaii court also ordered the defendant to pay to petitioner $100.00 per month "for the support, maintenance and education of the minor child."

The defendant testified at the hearing that he married the petitioner in Hawaii in 1967 while he was in the Air Force. After being discharged, he and the petitioner moved to Greensboro and lived there until February 1971 when petitioner's parents passed away. They, then, moved to Hawaii in order to settle the deceased parents' estates. While in Hawaii, they began having marital difficulties and the parties separated with the defendant returning to North Carolina in August 1973. The defendant knew petitioner was pregnant when they separated

but he denied that the child was his. Defendant admitted that subsequent to returning to North Carolina he was served with papers concerning the divorce action in Hawaii, but he testified further that he never filed any response nor ever appeared in the Hawaii divorce action either personally or through a representative. At the conclusion of the hearing, the court made the following pertinent findings:

"2. The defendant has resided in North Carolina from August, 1973, until present (with the exception of approximately three weeks when he attended a school in New York in connection with his employment), and he has intended to reside in North Carolina indefinitely and to make his permanent home since August 1973.

3. The defendant has not been to Hawaii at any time since August, 1973.

4. Plaintiff instituted an action against defendant, numbered 'FC-D No. 85751' and entitled 'Willa Ina Cox v. Donald Alvin Cox' (hereinafter called the 'Hawaii divorce action') in the Circuit Court of the First Circuit, Family Court, State of Hawaii on October 2, 1973, the nature of said action being an action for divorce, attorney's fees, costs, property division, support for plaintiff and custody, support and education of one child, known as Noelani May Cox, alleged by the plaintiff to be the child of the parties.

5. Summons was issued to defendant in the Hawaii divorce action on October 2, 1973, and an order for service on the defendant by mail was entered by the Clerk of the Court in said action on the same day.

6. Defendant received by registered mail, return receipt requested, the summons and copy of the complaint at his residence in Pleasant Garden, Guilford County, North Carolina, sometime in October, 1973.

7. Defendant at no time appeared either generally or specially, in the Hawaii divorce action and at no time authorized an appearance by any person in said action on his behalf."

Judge Gentry concluded that:

"1. The court in the Hawaii divorce action did not have *in personam* jurisdiction over defendant.

2. The court in the Hawaii divorce action did have *in rem* jurisdiction to enter a divorce decree entitled to full faith and credit in North Carolina.

3. The court in the Hawaii divorce action did have *in rem* jurisdiction to enter a custody order with respect to Noelani May Cox and said order is entitled to full faith and credit in North Carolina.

4. Because the court in the Hawaii divorce custody action had *in rem* jurisdiction as to those matters, and because the issue of paternity was inextricably bound up in the determination of these items, the finding of the Hawaii court as to the paternity of Noelani May Cox is conclusive as to the defendant, is entitled to full faith and credit in North Carolina, and may not be litigated by the defendant in North Carolina.

5. Because the defendant is bound by the findings of the Hawaii court in the Hawaii divorce action, and because the Uniform Reciprocal Enforcement of Support Act does not permit a trial by jury, a trial by jury on the issue of paternity is precluded."

He then denied defendant's motions for a blood grouping test and a jury trial. Defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Parks H. Icenhour for petitioner.*

*Jordan, Wright, Nichols, Caffrey and Hill by William W. Jordan for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of his motions for a blood grouping test and for a jury trial.

[1]  "A proceeding under the Uniform Reciprocal Enforcement of Support Act is a civil proceeding 'as in actions for alimony without divorce.' G.S. 52A-12." *Cline v. Cline,* 6 N.C. App. 523, 170 S.E. 2d 645 (1969). The procedure to be followed in an action for alimony without divorce "shall be as in other civil actions." G.S. 50-16.8(a) ; *Williams v. Williams,* 13 N.C. App. 468, 186 S.E. 2d 210 (1972) ; *see also Davis v. Davis,* 269 N.C. 120, 152 S.E. 2d 306 (1967). In "other civil actions" genuine issues of fact must be tried by a jury unless the right to a jury

Brondum v. Cox

trial is waived. *Sykes v. Belk,* 278 N.C. 106, 179 S.E. 2d 439 (1971) ; G.S. 1A-1, Rule 38; N. C. Const., Art. I, s. 25.

A defendant is entitled to a blood grouping test upon timely motion "in which the question of paternity arises" whether criminal or civil, regardless of any presumption which might arise when the child is born in wedlock. *Wright v. Wright,* 281 N.C. 159, 188 S.E. 2d 317 (1972) ; G.S. 8-50.1.

We hold a defendant is entitled in a proceeding under the Uniform Reciprocal Enforcement of Support Act to a blood grouping test pursuant to G.S. 8-50.1 where the issue of paternity is raised and, upon timely motion, is entitled to have the jury pass on the issue of paternity.

In the present case whether the court erred in denying the defendant's motion for a blood grouping test and a jury trial depends on whether the court erred in concluding:

"[T]he finding of the Hawaii court as to the paternity of Noelani May Cox is conclusive as to the defendant, is entitled to full faith and credit in North Carolina, and may not be litigated by the defendant in North Carolina."

[2]   The courts of one state have no duty to give full faith and credit to the *in personam* judgment of a foreign state except where the foreign state obtained jurisdiction both as to the person and as to the subject matter of the action before it. *Hosiery Mills v. Burlington Industries,* 285 N.C. 344, 204 S.E. 2d 834 (1974) ; *Fleek v. Fleek,* 270 N.C. 736, 155 S.E. 2d 290 (1967) ; *Arakaki v. Arakaki,* 54 Haw. 60, 502 P. 2d 380 (1972) ; *Peterson v. Peterson,* 24 Haw. 239 (1918) ; Wurfel, *Recognition of Foreign Judgments,* 50 N.C.L.R. 21 (1971). The order of the Hawaii court that the defendant pay $100.00 per month for the support of "the minor child of the parties" therefore must be given full faith and credit only if that judgment is not a personal judgment.

[3]   Both Hawaii and North Carolina hold that judgments for alimony and support of children are personal judgments. *Peterson v. Peterson, supra; Fleek v. Fleek, supra; Surratt v. Surratt,* 263 N.C. 466, 139 S.E. 2d 720 (1965) ; *Lennon v. Lennon,* 252 N.C. 659, 114 S.E. 2d 571 (1960) ; Lee, 1 N. C. Family Law, § 99. The district court correctly concluded that the courts of Hawaii in the present case did not have personal jurisdiction over the defendant. Thus, that portion of the judgment of the

Brondum v. Cox

court in Hawaii requiring the defendant to pay $100.00 per month for the support of "the minor child of the parties" is void, simply because the Hawaii court never obtained personal jurisdiction of the defendant; and such a judgment cannot be used as a basis of a claim or defense in this State. *Hosiery Mills v. Burlington Industries, supra.*

Obviously, the order of the court of Hawaii requiring the defendant to support Noelani May Cox was based on the material finding and conclusion that the defendant was her father. If the order of a foreign state requiring a father to support his child is a "personal judgment," we think that the material finding upon which such order is based is likewise "personal," and need not be given full faith and credit unless the court making such finding had personal jurisdiction of the defendant. *See generally Hartford v. Superior Court,* 47 C. 2d 447, 304 P. 2d 1 (1956) ; *Watkins v. Watkins,* 254 S.W. 2d 735 (Tenn. 1953).

We hold the trial court erred in concluding:

"[T]he finding of the Hawaii court as to the paternity of Noelani May Cox is conclusive as to the defendant, is entitled to full faith and credit in North Carolina, and may not be litigated by the defendant in North Carolina."

The court likewise erred in denying defendant's timely motion for a blood grouping test and a jury trial to determine the issue of paternity.

Reversed.

Judge ARNOLD concurs.

Judge MORRIS dissents.