R. L. BROWN, JR., JOHN B. MORRIS, JR., J. HEATH MORROW, FRANK N. PATTERSON, JR., CHARLES W. PICKLER, AND H. WELLS ROGERS, TRUSTEES OF THE ALBEMARLE CITY ADMINISTRATIVE UNIT, AND CLAUDE GRIGG, SUPERINTENDENT OF PUBLIC INSTRUCTION OF THE ALBEMARLE CITY ADMINISTRATIVE UNIT, v. ELIZA JANE DOBY AND J. LILLIAN DOBY.

(Filed 30 June, 1955.)

**1. Process § 6: Eminent Domain § 14—**

In a summary proceeding for the condemnation of land under G.S. 115-85, the provision of the statute that nonresident landowners may be served by publication does not preclude service by publication on resident landowners upon a proper showing under the provisions of G.S. 1-98, *et seq.*

**2. Process § 6—**

It is sufficient for an affidavit for service by publication to allege the ultimate fact that after due diligence personal service on the defendant could not be had in the State, without statement of any of the probative or evidentiary facts to support the conclusion of due diligence. In the present case it appeared of record that evidentiary facts showing due diligence were before the clerk, but in the absence thereof it will be presumed, ordinarily, from the clerk's order that sufficient probative facts were presented to and found by the clerk to sustain the order. G.S. 1-98.4 (a).

APPEAL by defendants from *Gwyn, Regular Judge* holding the courts of the Thirteenth Judicial District, at Chambers in Monroe, 28 February, 1955. From STANLY.

Special proceeding by Trustees and Superintendent of Albemarle City Administrative School Unit to acquire by condemnation a school site.

The plaintiffs are invoking the summary procedure prescribed by G.S. 115-85 for the acquisition of the school site. The land sought to be condemned is located in Stanly County. The defendant landowners

are residents of Davidson County. Notice, pursuant to G.S. 115-85, was served on each of the defendants by the Sheriff of Davidson County on 1 October, 1954, advising them that application would be made to the Clerk of the Superior Court of Stanly County at his office in the courthouse in Albemarle at a designated hour on 8 October, 1954, for the appointment of appraisers to lay off the school site and assess its value.

On 6 October, 1954, the defendants herein instituted an independent action in the Superior Court of Stanly County against the present plaintiffs and obtained from Judge Armstrong a temporary order of injunction, restraining the plaintiffs herein from proceeding further with the condemnation proceeding. However, on 13 October, 1954, the temporary order of injunction was dissolved by Judge Clarkson. Following this, the plaintiffs in the other action, defendants herein, submitted to a judgment of voluntary nonsuit, and the injunction action was dismissed.

Thereafter, on 20 November, 1954, the plaintiffs herein by petition applied to the Clerk of the Superior Court of Stanly County under G.S. 115-85 for the appointment of appraisers to lay off and assess the value of the school site. Efforts were made to have the defendants served with summons and copies of the petition by the Sheriffs of Davidson and Stanly Counties. Neither defendant was found and each Sheriff made return indicating by appropriate memorandum his inability to find either defendant in his county. Following this, R. L. Brown, Jr., one of the individual plaintiffs, filed an affidavit praying for service by publication. The Clerk entered an order directing that the defendants be served by publication, and they were so served. The notice of service allowed the defendants until 25 January, 1955, in which to appear and answer the plaintiffs' petition.

On 22 January, 1955, the defendants through counsel entered a special appearance and moved to dismiss the proceeding on the ground that the court had not acquired jurisdiction over the persons of the defendants by service of valid process.

The Clerk overruled the motion and entered an order adjudging that the defendants have been served with process according to law. From the order of the Clerk, the defendants appealed to the Judge of the Superior Court (G.S. 1-272). Whereupon the Clerk, as required by G.S. 1-274, prepared his statement of case on appeal for transmittal to the Judge. The statement so prepared includes the contents of these documents: (1) the original notice served on the defendants by the Sheriff of Davidson County on 1 October, 1954; (2) the proposed application intended to be filed 8 October, 1954; and (3) the judgment roll in the injunction action instituted by the defendants herein against the present plaintiffs.

The defendants, as permitted by G.S. 1-274, filed objections to various portions of the statement and certificate of the Clerk. The objections relate in the main to the references to the original notice personally served on the defendants by the Sheriff of Davidson County and to the judgment roll in the injunction action.

On appeal, all the defendants' objections to the Clerk's statement were overruled, and Judge Gwyn found and concluded in substance: (1) that notice was served upon the defendants pursuant to G.S. 115-85; (2) that the defendants by instituting the independent injunction action against the plaintiffs herein submitted to the jurisdiction of the court in the instant condemnation proceeding; and (3) that the defendants have been "served with summons and process . . ." Thereupon an order was entered affirming the Clerk's decision and decreeing that the defendants have been served with process as provided by law.

From the order so entered the defendants appeal, assigning errors.

*Morton & Williams for plaintiffs.*

*Charles E. Knox, Robert G. Sanders, and J. C. Sedberry for defendants.*

JOHNSON, J. Decision here requires nothing more than a determination of the two basic questions raised by the defendants' motion to dismiss the proceeding for want of jurisdiction. In the motion, as lodged with the Clerk, the defendants assert as alternate grounds for dismissal: (1) that since they are residents of this State, the summary procedure prescribed by G.S. 115-85 for the condemnation of a school site does not sanction service of process by publication upon them; but (2), if so, in any event, the affidavit on which publication was made is fatally defective and does not confer jurisdiction for the reason that it fails to set forth facts sufficient to support the Clerk's finding of fact that the defendants cannot, after due diligence, be found within the State. Both grounds urged by the defendants are untenable. We discuss them *seriatim.*

1. *The question whether the defendants are amenable to service of process by publication.*—The defendants contend that since G.S. 115-85 expressly provides that where land sought to be condemned is "owned by a nonresident of the State, . . . notice to such nonresident owner shall be given . . . by publication . . .," it follows by implication that where the landowners, as here, are residents of the State, they are amenable only to personal service of process, and not to service by publication. We know of no rule of statutory construction which would sustain any such interpretation of G.S. 115-85. But be this as it may, our general statute which fixes the scope of service of process by pub-

lication expressly provides as follows: "As used in G.S. 1-98 through G.S. 1-108, 'process' includes summons, order to show cause and any other order or notice issued in any action or special proceeding, legal service of which is a requisite to the relief sought." Section 1, Chapter 919, Session Laws of 1953, now codified as New G.S. 1-98 (1953 Supplement). Therefore it is manifest that the statutes relating to service of process by publication (G.S. 1-98 through 1-108) as amended by Chapter 919, Session Laws of 1953, apply to a resident defendant in a condemnation proceeding under G.S. 115-85 no less than to such defendant in any other special proceeding. Both tribunals below were correct in holding that the defendants are amenable to service of process by publication in this proceeding. The authorities cited by the defendants are distinguishable.

2. *The question whether the plaintiffs' affidavit is sufficient to support the order of publication.*—Here, we limit discussion to the scope of the defendants' attack on the affidavit, which is that it does not allege sufficient facts to justify the Clerk's finding of fact that due diligence was exercised to locate the defendants within the State. Again, the defendants' position is untenable. Our examination of the affidavit discloses a four-page narrative of numerous unavailing efforts made by the plaintiffs and by process officers of Davidson County to locate the defendants for the purpose of effecting personal service. In addition to the foregoing recital of evidentiary facts bearing on the question of due diligence, the affidavit contains this allegation of ultimate fact as to such diligence: "That after due diligence, personal service cannot be had within the State of North Carolina on the defendants, or either of them."

Our statutory requirement as to proof of diligence is that the "pleading or separate affidavit" shall *state* "That, after due diligence, personal service cannot be had within the State." G.S. 1-98.4 (a), as rewritten by Chapter 919, Session Laws of 1953.

While there is authority to the contrary in other jurisdictions (Annotation, 21 A.L.R. 2d 929; 42 Am. Jur., Process, Section 93), we adhere to the rule that the allegation of the mere ultimate fact of due diligence, substantially in accord with the language of the statute, without statement of any of the probative or evidentiary facts, is sufficient to support an order of publication. *Simmons v. Simmons,* 228 N.C. 233, 45 S.E. 2d 124; *Bethell v. Lee,* 200 N.C. 755, 158 S.E. 493. See also *McLean v. McLean,* 233 N.C. 139, 63 S.E. 2d 138. Where the ultimate fact of due diligence is alleged substantially in the language of the statute and the clerk orders publication, ordinarily the presumption obtains that sufficient probative facts were presented to and found by the clerk to sustain the order. See *Smith v. Smith,* 226 N.C. 506, 39 S.E. 2d 391; *Hall v.*

*Coach Co.*, 224 N.C. 781, 32 S.E. 2d 325; *In re Sams*, 236 N.C. 228, 72 S.E. 2d 421; *Vestal v. Vending Machine Exchange*, 219 N.C. 468, 14 S.E. 2d 427.

In the case at hand the affidavit states the ultimate fact of due diligence substantially in the language of the statute. G.S. 1-98.4 (a). This suffices to meet minimum requirements with us. Hence it is not necessary to discuss the sufficiency of the probative facts alleged in the affidavit, though they appear to be adequate. Annotation: 21 A.L.R. 2d 929.

The adjudication below to the effect that the defendants have been duly served with process will be upheld on the ground that they have been served by publication.

In this view of the case we do not reach for decision the remaining assignments of error, including those relating to (1) the refusal of the court to allow the defendants' "objections" to the form and content of the Clerk's statement of case on appeal; (2) the finding and conclusion that the defendants were served personally with notice within the purview of G.S. 115-85; and (3) the finding and conclusion that they submitted to the jurisdiction of the court "in the matter now pending" by instituting the independent action to enjoin the plaintiffs herein from proceeding with the original condemnation proceeding. The questions raised by all these assignments of error are moot in view of the ground upon which we rest decision. Therefore, further discussion is unnecessary. The order entered below will be upheld on the ground announced. It is so ordered.

Affirmed.