PHILLIP LEE COBLE AND GLADYS MARIE COBLE, PLAINTIFFS, v. LLOYD DEWITT BROWN, DEFENDANT.

(Filed 21 February, 1968.)

**1. Appeal and Error § 57—**

The court's findings of fact are conclusive on appeal if supported by competent evidence.

**2. Process § 15—**

A resident of the State who, subsequent to the accident or collision complained of, (1) has established a residence outside the State or (2) has left the State and remained absent for sixty days or more continuously, is amenable to service of process under G.S. 1-105 and G.S. 1-105.1.

**3. Process § 1—**

Substituted or constructive service of process is a radical departure from the common law, and statutes authorizing such service must be strictly construed, both in regard to the proper grant of authority and in determining whether effective service under the statute has been made.

**4. Same; Constitutional Law § 24—**

The object of all process is to give the person to be affected by the judgment notice that an action has been brought against him and an opportunity to defend.

**5. Process § 15—**

A mere averment that after due diligence personal service on the defendant could not be had in the State *is held* not sufficient to support service of process under G.S. 1-105.1.

COBLE *v.* BROWN.

6. **Same—**

Upon special appearance and motion by defendant to quash service of process under G.S. 1-105.1, it is incumbent upon plaintiff to show that defendant is amenable to process under the statute.

7. **Same—**

In an action to recover for personal injuries sustained by plaintiff in an automobile accident, evidence tending to show that a deputy sheriff went to defendant's last known address on two occasions and that defendant was not there, and that further investigation did not reveal the defendant's whereabouts, *is held* insufficient to make out a *prima facie* case under G.S. 1-105 and G.S. 1-105.1 that defendant had departed the State and remained absent for 60 days or more continuously, and defendant's motion to quash service of process under the statutes should be allowed.

APPEAL by defendant from *Exum, J.,* at the October 9, 1967, Civil Session of GUILFORD Superior Court, Greensboro Division.

On February 28, 1967, plaintiffs instituted suit to recover for personal injuries resulting from an automobile collision and on that date summons, with a copy of the complaint, was delivered to the sheriff for service on defendant. On March 15, 1967, the summons was returned with the sheriff's notation "not to be found in Guilford County." The clerk subsequently endorsed the summons to the sheriff and the sheriff again returned the summons with the notation that after due and diligent search the defendant was not to be found in Guilford County. Plaintiffs then resorted to service under G.S. 1-105 and G.S. 1-105.1. The clerk endorsed the summons to the Sheriff of Wake County, who noted thereon that it was served on May 29, 1967 along with a copy of the complaint "together with the sum of $.................." in the office of A. Pilston Godwin, Jr., Commissioner of Motor Vehicles of North Carolina. The Commissioner forwarded by registered mail, return receipt requested, the papers to defendant at 1311 Vine Street, Greensboro, on May 29, 1967. The envelope containing the letter and papers shows a notation "Addressee Unknown at this Address." On July 12, 1967, plaintiffs by first class mail, sent a letter to defendant at 1311 Vine Street, and this envelope bears a notation "Addressee Unknown." On July 27, 1967, plaintiff, Phillip Lee Coble, filed an affidavit of compliance with the statute and setting forth that he was informed and believed that defendant had removed himself from his last known address, had left the State of North Carolina, remained absent for more than sixty days continuously subsequent to the collision complained of and was residing somewhere in Florida.

On September 12, 1967, defendant filed a special appearance and moved to quash the purported service of process for that defendant

was at all times a citizen and resident of the State of North Carolina and had not departed the State for any sixty-day period.

The motion was heard upon the affidavit of the plaintiff, Phillip Lee Coble, the affidavit of Roy L. Strader, Deputy Sheriff, and the affidavit of the defendant.

In support of the service of summons under G.S. 1-105 and G.S. 1-105.1, the plaintiffs rely on the affidavits of plaintiff, Phillip Lee Coble, and Roy Strader, Deputy Sheriff. The pertinent portions of the Coble affidavit are as follows:

> "That on information and belief your affiant is informed and believes that the defendant has removed himself from his last known address and has left no forwarding address; that the defendant has removed himself from the state of North Carolina and has remained absent from the state of North Carolina for more than sixty days, continuously, subsequent to the collision complained of in the above entitled action; and that the defendant is now residing somewhere in the state of Florida."

The pertinent portions of the Strader affidavit are:

> "That he . . . went to the last known address of Lloyd Dewitt Brown, to wit: 1311 Vine Street, Greensboro, North Carolina, in order to obtain service of process upon the said Lloyd Dewitt Brown; that Lloyd Dewitt Brown was not at his last known address and that your affiant talked to a woman who he is informed and believes and therefore alleges is the sister of Lloyd Dewitt Brown; that the said sister of Lloyd Dewitt Brown stated to your affiant that it was her information and belief that the defendant, Lloyd Dewitt Brown, was residing in the State of Florida, address unknown.
> 
> That after further investigation your affiant then made the return of the summons on March 15, 1967, with the notation that Lloyd Dewitt Brown was 'not to be found in Guilford County'; that later your affiant again received, during the month of May, 1967, the original summons, together with a copy of the summons and a copy of the complaint in the above-entitled action to be served on Lloyd Dewitt Brown; that your affiant made another investigation of the whereabouts of Lloyd Dewitt Brown including returning to the said defendant's last known address, 1311 Vine Street, Greensboro, North Carolina; that at the said address your affiant again talked with a woman who your affiant is informed and believes and therefore said is the sister of Lloyd Dewitt Brown and that this woman again told your affiant that

it was her information that Lloyd Dewitt Brown was residing in the State of Florida, address unknown.

That your affiant then undertook a further investigation to locate the whereabouts of Lloyd Dewitt Brown and that he was unable to locate him in Guilford County or to obtain information which indicated that he was located at any place in the State of North Carolina; that your affiant, on May 22, 1967, again returned the original summons in the above-entitled civil action to the office of the Clerk of Superior Court of Guilford County with the following notation: 'After due and diligent search, Lloyd Dewitt Brown not to be found in Guilford County, this 22 day of 5, 1967, time 12:00 Noon. Paul H. Gibson, Sheriff, by: R. L. Strader, D.S.' That your affiant is informed and believes and therefore says that the only information he was able to obtain concerning the whereabouts of Lloyd Dewitt Brown indicated that the said defendant was residing in the State of Florida, address unknown."

Upon consideration of these affidavits and the affidavit of defendant in support of his motion to quash stating that he had lived in Greensboro all of his life, giving his residence address, stating that he had lived at that address since February 1965 and had not left the State since 1964, the Court found as facts that the deputy sheriff went to defendant's last known address, could not locate the defendant but talked with a woman identifying herself as defendant's sister, who stated that it was her information that defendant was residing in Florida, address unknown; that the deputy sheriff made further investigation and after due and diligent search, was unable to find the defendant; that he again undertook to serve the summons on defendant, returned to defendant's last known address and again talked with a woman who had identified herself as defendant's sister, who again told the deputy that it was her information that Lloyd Dewitt Brown was residing in the State of Florida, address unknown; that he undertook a further investigation and could not locate defendant in Guilford County or obtain information to indicate that the defendant was in North Carolina; that the registered letter of the Commissioner of Motor Vehicles and the letter of plaintiff giving notice were both returned address unknown; "That the defendant, Lloyd Dewitt Brown, was a resident of the State at the time of the collision complained of in the above-entitled civil action, who departed from the State subsequent to the collision and who remained absent therefrom for sixty days or more continuously."

On these findings of fact the Court concluded "That the defendant was duly served with process in this cause under and pursuant

to the provisions of North Carolina General Statute 1-105 and 1-105.1, as amended, and that the plaintiff has wholly complied with the provisions of said statute." From the entry of this order, the defendant appealed.

*Smith, Moore, Smith, Schell and Hunter for defendant appellant.*
*Douglas, Ravenel, Hardy and Crihfield for plaintiff appellees.*

MORRIS, J. Defendant assigns as error the Court's consideration of hearsay evidence contained in the Coble and Strader affidavits; making certain findings of fact based on this incompetent evidence; and concluding as a matter of law that defendant was duly served with process under G.S. 1-105 and G.S. 1-105.1 and defendant had wholly complied with the provisions of said statutes. If there is competent evidence to support the Court's findings of fact, we are, of course, bound by the findings. *Bigham v. Foor*, 201 N.C. 14, 158 S.E. 548 (1931).

G.S. 1-105 sets out the procedures to be followed in effecting service on nonresident drivers of motor vehicles and upon the personal representatives of deceased nonresident drivers of motor vehicles. By General Statutes 1-105.1, the provisions of § 1-105 are made applicable "to a resident of the State at the time of the accident or collision who establishes residence outside the State subsequent to the accident or collision and to a resident of the State at the time of the accident or collision who departs from the State subsequent to the accident or collision and remains absent therefrom for sixty (60) days or more continuously whether such absence is intended to be temporary or permanent."

No question is raised as to whether defendant was a resident of the State at the time of the collision complained of.

To sustain service of process upon defendant under these statutes, the plaintiffs must show one of two circumstances; either: (1) that defendant had established a residence outside the State subsequent to the accident or collision, or (2) that he had left the State subsequent to the collision complained of and remained absent from the State for sixty days or more continuously.

Service of process, in order to acquire jurisdiction of the court over the person and property of citizens of the State, has always been, and properly so, carefully regulated. Careful regulation becomes even more necessary in situations where the parties must resort to constructive or substituted service. At the outset, it must be noted that we are here dealing with a proceeding *in personam* and not a proceeding *in rem*. Substituted or constructive service of process

is a radical departure from the rule of the common law, and therefore statutes authorizing it must be strictly construed both as to the proper grant of authority for such service and in determining whether effective service under the statute has been made. *Harrison v. Hanvey,* 265 N.C. 243, 143 S.E. 2d 593 (1965).

The object of all process is to give the person to be affected by the judgment notice that an action has been brought against him and an opportunity to defend. The possibility of defendant's receiving notice must be even more zealously guarded where the action is *in personam.*

G.S. 1-98.2, providing for service by publication in certain actions, is designed to provide for a constructive service of process on nonresidents in certain instances in *in rem* or *quasi in rem* actions, and in actions *in personam* where the defendant, a resident of the State, has departed the State or conceals himself with intent to defraud his creditors or avoid service of process. This statute specifically provides that where the person to be served cannot after due diligence be found in the State and that fact appears by affidavit to the satisfaction of the court, the court may grant an order that the service be made by publication.

The Supreme Court has held that an averment in the words of the statute [G.S. 1-98.2] of the ultimate fact "that, after due diligence, personal service cannot be had within the state," was a sufficient averment of due diligence and sufficient compliance with statutory requirements without stating any of the probative, or evidentiary facts. *Brown v. Doby,* 242 N.C. 462, 87 S.E. 2d 921 (1955).

The North Carolina Supreme Court, in *Harrison v. Hanvey, supra,* recognized that, although the weight of authority is to the contrary, the rule of *Brown v. Doby, supra,* is the law applicable in this State. In the *Harrison* case, however, the section of G.S. 1-98.2 before the Court was Section (6) providing for service by publication "where the defendant, a resident of this State, has departed therefrom or keeps himself concealed therein with intent to defraud his creditors or to avoid the service of summons". The action was an *in personam* action brought to recover for personal injuries resulting from an automobile collision allegedly caused by defendant's negligence. Defendant entered a special appearance and moved to quash the purported service and for dismissal of the action for want of jurisdiction, contending, among other things, that defendant was not a member of the class defined by G.S. 1-98.2(6). The Court said, "Assuming that the same rule (referring to *Brown v. Doby, supra*) would apply to an averment of absconding or concealment, the court must hear the evidence, find the facts, and determine the validity of the ser-

vice, when a defendant, upon a motion to vacate an order for publication and to quash the service based upon it, questions the sufficiency of the affidavit or evidence upon which plaintiff proceeds or offers evidence contradicting it".

The case before us arises under G.S. 1-105.1, and a mere averment of due diligence sufficient to support service by publication in an *in rem* action under G.S. 1-98.2 is not sufficient here.

Here defendant contends that he is not within the class of persons covered by G.S. 1-105.1 for that he was a resident of North Carolina at the time of the accident and remained a resident of North Carolina, made no attempt to conceal his whereabouts and was a resident of Guilford County at the time of the purported service of process, and had not left the State for any period of time after the collision complained of.

Upon his motion to quash the service and dismiss the action, it became incumbent upon plaintiffs to present evidence to support the service of process.

It is true that the statute does not require that plaintiffs must set forth in their complaint or by affidavit the facts giving rise to the conclusion that defendant comes within the purview of the statute; nevertheless, upon attack by special appearance and motion to quash, a showing is required of the facts essential to jurisdiction. *Robinson v. D'Odom,* 150 N.Y.S. 2d 700 (1956); *Hart v. Coach Co.,* 241 N.C. 389, 85 S.E. 2d 319 (1954); *Bigham v. Foor, supra.*

We now look at the evidence submitted by plaintiffs in support of the service on defendant.

The affidavit of plaintiffs contains no competent evidence on which a finding of fact could be based. Plaintiff Coble simply averred that he was "informed and believed" that defendant had removed himself from his last known address and had left the State and remained absent for more than sixty days' continuously subsequent to the collision complained of and was residing somewhere in Florida. Strader's affidavit avers that he talked with a woman who he "was informed" and believed was defendant's sister who told him that it was her "information and belief" that defendant was living in Florida; that he was "informed and believes and therefore says" that the only information he was able to obtain concerning the whereabouts of Lloyd Dewitt Brown indicated that the said defendant was residing in the State of Florida, address unknown. This evidence is manifestly hearsay evidence, not admissible and defendant's objection thereto is entirely proper. When plaintiffs' affidavits are stripped of incompetent evidence, they are left with the statement of the deputy sheriff that

he went to defendant's last known address on two occasions and defendant was not there; that he made further investigations and could not locate the whereabouts of Lloyd Dewitt Brown. Conceding, for the purpose of argument only, that this might be held sufficient to support an averment of due diligence under the requirements of G.S. 1-98.2, we hold that it is insufficient to make out a *prima facie* case to support service of process under G.S. 1-105 and 1-105.1.

Plaintiff relies on *Scott & Co. v. Jones,* 230 N.C. 74, 52 S.E. 2d 219 (1949). However, that case involved service of process by publication under G.S. 1-98.2; and, in addition to the evidence of the sheriff that from information derived from defendant's family he testified on information and belief that defendant had moved from the State and was not a resident of North Carolina, the plaintiff introduced testimony of defendant's employer to the effect that defendant had been employed by him in Virginia and gave his home address as 620 South Street, Portsmouth, Virginia.

We have not been cited to a case in this or any other jurisdiction holding that such scant competent evidence as is before the Court is sufficient to support a finding that defendant had departed the State and remained absent for a period of sixty days or more. Since the element of jurisdiction is necessary for plaintiffs' case, the failure of proof must lie with plaintiffs.

The trial court erred in denying the motion to quash. There was not sufficient competent evidence upon which to base a finding of fact that defendant departed from the State subsequent to the collision and remained absent therefrom for sixty days or more continuously.

Under this view of the case, defendant's assignment of error as to whether plaintiffs wholly complied with the provisions of G.S. 1-105 and 1-105.1 is not considered.

Reversed.

CAMPBELL and PARKER, JJ., concur.