PAUL HEINZ GROHMAN v. N. LINWOOD FRANKIE JONES, HANDI-CLEAN PRODUCTS, INC., AND DIXIE RENTAL SERVICE, INC.
— AND —
VIRGINIA SHARON GROHMAN v. N. LINWOOD FRANKIE JONES, HANDI-CLEAN PRODUCTS, INC., AND DIXIE RENTAL SERVICE, INC.

Nos. 7126SC209 and 7126SC210

(Filed 28 April 1971)

**Process § 16— substituted service on Commissioner of Motor Vehicles — motorist establishing residence in another state — insufficiency of affidavit**

Statement in an affidavit submitted by plaintiff's attorney that he is informed and believes that defendant has left the state and established residence elsewhere is hearsay and incompetent to support substituted service on the Commissioner of Motor Vehicles under [former] G.S. 1-105.1, and competent evidence in the affidavit showing only that summonses were returned unserved and that registered letters mailed to defendant by the Commissioner of Motor Vehicles were returned unclaimed was insufficient to support the substituted service.

APPEALS by defendants from *Fountain, Superior Court Judge,* 26 October 1970, Civil D Session of MECKLENBURG Superior Court.

These cases, which are consolidated for the purposes of this appeal, arose out of a collision between an automobile driven by plaintiff Paul Heinz Grohman, accompanied by plaintiff Virginia Sharon Grohman as a passenger, and an automobile owned by Dixie Rental Service, Inc., leased to Handi-Clean Products, Inc., and driven by N. Linwood Frankie Jones. Plaintiffs alleged that they suffered personal injuries as a result of the collision and that the collision was caused by the negligence of the defendants.

Summonses were issued and served on defendants Handi-Clean and Dixie Rental. N. Linwood Frankie Jones was not served with summons, and the summonses to both Mecklenburg County and Alamance County were returned with the notation that he was not to be found in either of those two counties. Alias summonses were then issued and served by delivering copies of the summonses and complaints in the office of the Commissioner of Motor Vehicles of North Carolina as the process agent for Jones under the provisions of G.S. 1-105 and G.S. 1-105.1 (repealed 1967 effective 1 January 1970).

On 5 September 1969, the attorney for the plaintiffs filed practically identical affidavits for each plaintiff in compliance with the statute. The affidavits stated:

"2. That this Affiant is informed and believes and so states that N. Linwood Frankie Jones, one of the defendants in the above-entitled action, was a resident of Alamance County, North Carolina, at the time the plaintiff's alleged cause of action arose, to-wit: August 22, 1967, the said alleged cause of action involving an automobile accident on the public highways in the State of North Carolina whereby the said defendant was an operator of a motor vehicle involved in such collision, but that since August 22, 1967, the said defendant has removed himself from the State of North Carolina and has established residence outside the State of North Carolina, the said residence and whereabouts of the defendant, at all times, being unknown to the plaintiff;

3. That original Summons and copy of Complaint were directed to the Sheriff of Alamance County, North Carolina, on September 20, 1968, by the Clerk of Superior Court of Mecklenburg County, North Carolina, for service of the same upon the defendant, N. Linwood Frankie Jones, 1122 Graham Street, Burlington, North Carolina, and that said Summons and copy of Complaint were returned by the Sheriff of Alamance County, North Carolina, to the Clerk of Superior Court of Mecklenburg County, North Carolina, unserved on the defendant;

4. That thereafter Summons was extended at the requests of the plaintiff, by successive endorsements by the Clerk of Superior Court of Mecklenburg County, North Carolina, on each of the following days: December 17, 1968; January 31, 1969; and April 16, 1969;

5. That on April 16, 1969, the Clerk of Superior Court of Mecklenburg County, North Carolina, issued an Alias Summons to the Sheriff of Wake County, North Carolina, directing the said Sheriff to deliver a copy of said Summons and Complaint to N. Linwood Frankie Jones, whose last known address is 1122 Graham Street, Burlington, N. C., by serving Ralph L. Howland, Commissioner of Motor Vehicles for the State of North Carolina, as statutory agent for N. Linwood Frankie Jones; and that the said Sheriff of Wake County made said service on the said Commissioner, as said statutory agent for the defendant, on April 18, 1969;

6. That this Affiant is informed and believes and so states that the said Commissioner of Motor Vehicles forwarded, by registered letter, return receipt requested, copies of said Complaint and Summons in said action, to the defendant, N. Linwood Frankie Jones, 1122 Graham Street, Burlington, North Carolina, with directions to 'Deliver to Addressee Only,' under registered #12681 [#12682 in second action against defendants], said registered letter being posted in the United States Mail at Raleigh, North Carolina, on April 18, 1969;

7. That this Affiant is informed and believes and so states that the said registered letter #12681 [#12682] was not personally delivered to the defendant, N. Linwood

Frankie Jones, but was unclaimed at the aforesaid address, the said registered letter bearing postal markings of 'Unclaimed at this Address' and 'Addressee Unknown,' and that by reason of said registered letter being unclaimed, it was returned by the United States Post Office to the said Commissioner of Motor Vehicles on April 23, 1969, the said letter being received by said Commissioner of Motor Vehicles on April 23, 1969;

8. That this Affiant attaches hereto the aforesaid original envelope, bearing registered #12681 [#12682];

9. That this Affidavit is being made in compliance with the requirements of North Carolina General Statutes 1-105 and 1-105.1 and is appended to the Summons in this cause and filed therewith in the Office of the Clerk of Superior Court of Mecklenburg County, North Carolina."

Defendants, on 15 September 1969, filed a motion to quash the service of process on defendant Jones by service on the Commissioner of Motor Vehicles on the grounds that the affidavits filed by plaintiffs show no basis for the assertion that defendant Jones has left North Carolina, thus making him subject to service of process under G.S. 1-105 and G.S. 1-105.1.

On 2 November 1970, the trial judge granted a motion to dismiss as to defendant Dixie Rental Service, Inc., for failure to state a claim, but denied the motion to quash service of process as to defendant Jones.

From the order denying the motion to quash service of process as to defendant Jones, defendant Handi-Clean Products, Inc., appeals to this Court.

*A. A. Canoutas for plaintiff appellee.*

*Helms, Mulliss & Johnston by E. Osborne Ayscue, Jr., for defendant appellant (Handi-Clean Products, Inc.).*

CAMPBELL, Judge.

Defendant Handi-Clean Products, Inc., assigns as error the denial of the motion to quash service of process as to N. Linwood Frankie Jones.

G.S. 1-105, at the time this action was commenced, set forth the procedures to be followed in effecting service on nonresident drivers of motor vehicles. Under G.S. 1-105.1, the provisions of G.S. 1-105 were made applicable "to a resident of the

Grohman v. Jones

State at the time of the accident or collision who establishes residence outside the State subsequent to the accident or collision and to a resident of the State at the time of the accident or collision who departs from the State subsequent to the accident or collision and remains absent therefrom for sixty (60) days or more, continuously whether such absence is intended to be temporary or permanent."

No question having been raised as to whether defendant Jones was a resident at the time of the accident complained of to obtain service of process under these statutes, plaintiffs must show either: (1) that defendant had established a residence outside the State subsequent to the accident or collision, or (2) that he left the State subsequent to the accident or collision complained of and remained absent from the State for sixty days or more, continuously.

Upon the motion to quash the service, it became incumbent upon the plaintiffs to present evidence to support the service of process. *Coble v. Brown*, 1 N.C. App. 1, 159 S.E. 2d 259 (1968). The answers to interrogatories served upon plaintiffs by defendant Handi-Clean indicated that neither plaintiff had any knowledge of the whereabouts of defendant Jones at any time subsequent to the accident and that any information concerning knowledge of the whereabouts of Jones must come from their attorney. The affidavit submitted by the attorney states that upon information and belief the defendant Jones has left the State and established residence elsewhere. But that statement is only hearsay and not competent evidence. *Coble v. Brown, supra.* When all incompetent evidence in the affidavit is disregarded, it states only that the summonses directed to the Sheriff of Alamance County were returned unserved and that the registered letters mailed by the Commissioner of Motor Vehicles to the defendant Jones at 1122 Graham Street, Burlington, North Carolina, were returned unclaimed.

There is no competent evidence to show that defendant Jones had in fact left the State, and in view of that, it was error for the trial judge to deny defendant Handi-Clean's motion to quash the service of process upon Jones. *Coble v. Brown, supra,* is controlling.

Reversed.

Judges BRITT and GRAHAM concur.